# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JALEN J. BASS,**<br><br>　　**Plaintiff,**<br><br>vs.<br><br>**STEVENS TRANSPORT, INC., JAMES V. GALLO, ABC CORPORATION #1-5 and JOHN DOE,**<br><br>　　**Defendants.** | **CAFN:**<br><br>**REMOVED FROM STATE COURT OF FULTON COUNTY<br>CIVIL ACTION FILE NO. 21EV005602** |

## DEFENDANT STEVENS TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, STEVENS TRANSPORT, INC. (hereinafter "Defendant"), a named Defendant in the above-styled civil action, and files its Answer and Affirmative Defenses to the allegations of Plaintiff's Complaint for Damages (hereinafter "Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The sole, direct and proximate cause of any injuries or damage which Plaintiff might have sustained was due to the negligence of the Plaintiff or some person, persons or entities other than this Defendant, with the result that the Plaintiff is not entitled to recover anything whatsoever of this Defendant in this case.

## THIRD DEFENSE

Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

## FOURTH DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint, therefore, Plaintiff is not entitled to recover from this Defendant.

## SIXTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence of a party, or non-party, other than this Defendant, and therefore the Plaintiff is barred from any recovery against this Defendant.

## SEVENTH DEFENSE

To the extent any claims for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, are made or may be made by Plaintiff, no basis exists for such claims. Further, imposing punitive damages under the circumstances of this case upon this Defendant would violate its rights under the Constitution of the State of Georgia and the United States Constitution.  Finally in this regard, Defendant specifically shows that a bona fide dispute exists to the extent that Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

Plaintiff has failed to meet the requirements of the Unliquidated Damages Interest Act and therefore cannot recover under O.C.G.A. § 51-12-14.

## NINTH DEFENSE

This Defendant denies that it caused the Plaintiff to suffer any injury.

## TENTH DEFENSE

Plaintiff failed to mitigate his damages and is barred from recovery as a matter of law.

## ELEVENTH DEFENSE

Plaintiff's claims against this Defendant are barred by reason of release, accord and satisfaction, waiver, estoppel, payment, and laches.

## TWELFTH DEFENSE

To the extent shown by evidence obtained through discovery, this Defendant raises all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and none of these defenses are waived.

## THIRTEENTH DEFENSE

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## FOURTEENTH DEFENSE

Further responding to the specific allegations of Plaintiff's Complaint, Defendant shows the Court the following:

## PARTIES

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

2.

Stevens Transport, Inc (hereinafter referred to as "Stevens") is a corporation that was created under the laws of the State of Texas. Stevens Transport, Inc.'s principal place of business is located at 9757 Military Parkway, Dallas Texas 75227. Defendant Stevens' registered agent for service of process is Steven L. Aaron, 9757 Military Parkway, Dallas, Dallas County, Texas 75227. Defendant denies the remainder of allegations in Paragraph 2 of Plaintiff's Complaint.

3.

Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and

can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8.

Upon information and belief, Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits that at all relevant times Mr. Gallo was acting in the course and scope of his employment with Defendant Stevens and would be subject to the doctrine of *respondeat superior*. The remaining allegations of Paragraph 16 of Plaintiff's Complaint are denied.

17.

This Defendant admits that at all relevant times Mr. Gallo was acting in the course and scope of his employment with Defendant Stevens and would be subject to the doctrine of *respondeat superior*. The remaining allegations of Paragraph 17 of Plaintiff's Complaint are denied.

## COUNT I

## VICARIOUS LIABILITY OF DEFENDANT STEVENS TRANSPORT, INC.

18.

Defendant realleges and incorporates by reference his answers and defenses to Paragraphs 1 through 17 of Plaintiff's Complaint for Injuries and Damages, as though fully set forth herein.

19.

This Defendant admits that at all relevant times Mr. Gallo was acting in the course and scope of his employment with Defendant Stevens and would be subject to the doctrine of *respondeat superior*. The remaining allegations of Paragraph 19 of Plaintiff's Complaint are denied.

## **COUNT II**

## **NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT GALLO**

20.

Defendant realleges and incorporates by reference his answers and defenses to Paragraphs 1 through 19 of Plaintiff's Complaint for Injuries and Damages, as though fully set forth herein.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT III

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANTS STEVENS TRANSPORT, INC.

24.

Defendant realleges and incorporates by reference his answers and defenses to Paragraphs 1 through 23 of Plaintiff's Complaint for Injuries and Damages, as though fully set forth herein.

25.

Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## COUNT IV

## LIABILITY OF STEVENS TRANSPORT, INC.

29.

Defendant realleges and incorporates by reference his answers and defenses to Paragraphs 1 through 28 of Plaintiff's Complaint for Injuries and Damages, as though fully set forth herein.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## COUNT V

## PUNITIVE DAMAGES AGAINST DEFENDANTS

31.

Defendant realleges and incorporates by reference his answers and defenses to Paragraphs 1 through 30 of Plaintiff's Complaint for Injuries and Damages, as though fully set forth herein.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## COUNT VI

## ATTORNEY'S FEES

33.

Defendant realleges and incorporates by reference his answers and defenses to Paragraphs 1 through 32 of Plaintiff's Complaint for Injuries and Damages, as though fully set forth herein.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in the unnumbered WHEREFORE Paragraph of Plaintiff's Complaint, including subparts (a) through (h).

36.

All allegations of Plaintiff's Complaint not expressly admitted herein are denied.

**WHEREFORE**, having raised its affirmative defenses and fully answering every allegation of Plaintiff's Complaint, showing no liability thereunder, Defendant STEVENS TRANSPORT, INC. demands that it be discharged herefrom without costs and TRIAL BY JURY OF TWELVE as to all proper issues.

This 20th day of October, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Samuel S. Sykes*

_____

Samuel S. Sykes II
Georgia Bar No. 227548
Mark Christopher
Georgia Bar No. 821387
*Attorneys for Defendants James V. Gallo and Stevens Transport, Inc.*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
ssykes@hallboothsmith.com
mchristopher@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JALEN J. BASS,<br><br>　　Plaintiff,<br><br>vs.<br><br>STEVENS TRANSPORT, INC., JAMES V. GALLO, ABC CORPORATION #1-5 and JOHN DOE,<br><br>　　Defendants. | CAFN:<br><br>REMOVED FROM STATE COURT OF FULTON COUNTY<br>CIVIL ACTION FILE NO. 21EV0056025602 |

## CERTIFICATE OF COMPLIANCE

The foregoingBass - Def Stevens Answer - Federal ***DEFENDANT STEVENS TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES*** and request for trial date is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 20th day of October, 2021.

[*Signature page follows*]

|  | **HALL BOOTH SMITH, P.C.** |
|---|---|
|  | */s/ Samuel S. Sykes* |
|  | _____ |
| 191 Peachtree Street, NE, Suite 2900 | Samuel S. Sykes II |
| Atlanta, Georgia  30303 | Georgia Bar No. 227548 |
| Phone:  (404) 954-5000 | Mark Christopher |
| Fax:  (404) 954-5020 | Georgia Bar No. 821387 |
| ssykes@hallboothsmith.com | *Attorneys for Defendants James V. Gallo and Stevens Transport, Inc.* |
| mchristopher@hallboothsmith.com |  |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JALEN J. BASS,**  <br><br>    **Plaintiff,**  <br><br>vs.  <br><br>**STEVENS TRANSPORT, INC., JAMES V. GALLO, ABC CORPORATION #1-5 and JOHN DOE,**  <br><br>    **Defendants.** | **CAFN:**  <br><br>**REMOVED FROM STATE COURT OF FULTON COUNTY CIVIL ACTION FILE NO. 21EV005602** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT STEVENS TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon the following through the Odyssey e-filing system and/or via U.S. First Class Mail and/or Statutory Electronic Service pursuant to O.C.G.A. § 9-11-5(b) to the following recipients:

Dwayne L. Brown, Esquire
LAW OFFICE OF DWAYNE L. BROWN, PC
3390 Peachtree Road, Suite 1100
Atlanta, Georgia  30326

dbrown@dbrownatty.com
*Attorney for Plaintiff*

Respectfully Submitted this 20th day of October, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Samuel S. Sykes*
_____
Samuel S. Sykes II
Georgia Bar No. 227548
Mark Christopher
Georgia Bar No. 821387
*Attorneys for Defendants James V. Gallo and Stevens Transport, Inc.*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
ssykes@hallboothsmith.com
mchristopher@hallboothsmith.com