# Exhibit B

State Court of Fulton County
**E-FILED**
21EV005602
9/20/2021 1:07 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| JALEN J. BASS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | FILE NO. _____ |
| | : | |
| STEVENS TRANSPORT, INC, JAMES V. | : | **TRIAL BY JURY REQUESTED** |
| GALLO, ABC CORPORATION #1-5 and | : | |
| JOHN DOE | : | |
| | | |
| Defendants. | | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Jalen J. Bass, by and through undersigned counsel, and hereby files her Complaint for Damages against the above-named Defendants. Plaintiff respectfully shows the Court the following:

## **PARTIES**

1.

Jalen J. Bass is a resident of Fulton County, Georgia.

2.

Stevens Transport, Inc (hereinafter referred to as "Stevens") is a is a domestic corporation that was created under the laws of the State of Texas. Stevens Transport, Inc.'s principal place of business is located at 9757 Military Parkway, Dallas Texas 75227. Defendant Stevens' registered agent for service of process is Steven L. Aaron, 9757 Military Parkway, Dallas, Dallas County, Texas 75227.

Copy from re:SearchGA

3.

James Vincent Gallo is a citizen and resident of and can be served with process at 2211 Hutchinson Avenue, Leesburg, Lake County, FL 34748.

4.

Defendant ABC Corporation #1-5 (hereinafter "Defendant ABC") is a corporation, partnership or other entity whose correct identity is unknown.

5.

Defendant John Doe is an individual who acted as an employee or agent of Defendant Stevens Transport, Inc. whose correct identity are unknown.

6.

Upon information and belief, Stevens Transport, Inc is self-insured and as such, the liability carrier for Defendant Stevens and Defendant Gallo. Stevens Transport, Inc may be joined in this action under Georgia's Direct-Action Statutes, O.C.G.A. §§ 40-1-12 and 40-2-140. Stevens Transport, Inc can be served through its registered agent, Steven L. Aaron, 9757 Military Parkway, Dallas, Dallas County, TX 75227.

## JURISDICTION AND VENUE

7.

Defendants Stevens Transport, Inc., James Gallo and Stevens Transport, Inc as the self-insured carrier are joint tortfeasors, and as such, venue in the above-styled civil action is proper as to Defendants in Fulton County, Georgia pursuant to the Georgia Non-Resident Motorist Act O.C.G.A. § 40-12-3 and O.C.G.A. § 40-12-1(a).  Defendants are also subject to this Court's jurisdiction pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9-10-93.

Copy from re:SearchGA

## **FACTUAL ALLEGATIONS**

8.

On or about February 18, 2021, Plaintiff Bass was traveling westbound on I-285 near Camp Creek Parkway.

9.

While Plaintiff Bass was traveling northbound, Defendant Gallo, who was also traveling northbound on I-285 near Camp Creek Parkway was an agent and employee of Stevens Transport, Inc., and was driving an 18-wheeler tractor trailer truck that exceeded 10,000 pounds.

10.

Said truck was owned by Stevens Transport, Inc.

11.

Defendant Gallo, in reckless fashion, failed to maintain his lane and moved into the lane of traffic that was occupied by Plaintiff Bass.

12.

Consequently, due to the improper and reckless manner in which Defendant Gallo failed to maintain lane, he struck the vehicle driven by Plaintiff Bass in a violent manner and left the scene of the collision.

13.

As a result of Defendant Gallo's failure to properly maintain his lane, Plaintiff Bass suffered catastrophic injuries.

14.

The subject incident caused Plaintiff Bass to incur over $21,510.49 in medical bills due to Defendant Gallo's negligence.

Copy from re:SearchGA

15.

At all times material hereto, Defendant Gallo was operating the vehicle carelessly, negligently, and recklessly which resulted in the damages that are the subject of this lawsuit.

16.

At all times material hereto, Defendant Gallo was furthering the business interest of Defendant Stevens and was acting within the course and scope of his agency of employment with Stevens Transport, Inc.

17.

As such, Defendant Stevens is vicariously liable for the conduct of Defendant Gallo pursuant to the doctrine of *respondeat superior.*

## COUNT I

## **VICARIOUS LIABILITY OF DEFENDANT STEVENS TRANSPORT, INC.**

18.

Plaintiff adopts and incorporates by reference paragraphs 1 through 17 of Plaintiff's Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count I of Plaintiff's Complaint for Damages.

19.

At all times pertinent thereto, Defendant Gallo was employed by Defendant Stevens and was acting within the course and scope of his agency or employment with said Defendant. Thus, Defendant Stevens is vicariously liable to Plaintiff for the tortious conduct of Defendant Gallo under the doctrine of *respondeat superior.*

Copy from re:SearchGA

## COUNT II

## <u>NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT GALLO</u>

20.

Plaintiff adopts and incorporates by reference paragraphs 1 through 19 of Plaintiff's Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count II of Plaintiff's Complaint for Damages.

21.

The aforementioned collision between Plaintiff Bass and Defendant Gallo was caused by the negligence of Defendant Gallo, in violation of O.C.G.A. § 40-6-48 (failure to maintain lane) and in failing to stay at the scene of the accident with injury, damage in violation of O.C.G.A. § 40-6-270.

22.

This violation constitutes negligence per se under the Uniform Rules of the Road as do any other such acts or omissions as may be proved by the preponderance of the evidence at the trial of this matter.

23.

As a direct and proximate result of these breaches of duty by Defendants, Plaintiff, has suffered severe injuries and damages, including medical and other necessary expenses, mental and physical pain and suffering, personal inconvenience, plus an inability to lead a normal life.  As a result of the subject collision, Plaintiff has incurred in excess of $21,510.49 in past medical expenses and lost wages, in an amount to be proven at trial.

Copy from re:SearchGA

**COUNT III**

**NEGLIGENT HIRING, TRAINING, SUPERVISION
AND RETENTION BY DEFENDANT STEVENS TRANSPORT, INC.**

24.

Plaintiff adopts and incorporates by reference paragraphs 1 through 23 of Plaintiff's Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count III of Plaintiff's Complaint for Damages.

25.

The vehicle in which Defendant James Gallo and/or John Doe was driving was owned and/or controlled by Defendant Stevens Transport, Inc., and was driven by Defendant James Gallo and/or John Doe with Defendant Stevens Transport, Inc.'s express and/or implied permission, authorization, and acquiescence.

26.

Defendant Stevens Transport, Inc. is also liable to Plaintiff for the negligent acts of entrusting Defendant James Gallo and/or John Doe with the vehicle and failing to properly supervise Defendant James Gallo and/or John Doe concerning the use and operation of the vehicle.

27.

Defendant Stevens Transport, Inc. failed to use ordinary care or, in the alternative, was reckless, wanton and/or grossly negligent in its hiring, training, supervision and retention of James Gallo, its employee, who caused Plaintiff Bass to suffer catastrophic injuries.

28.

As a direct and proximate result of these breaches of duty by Defendants, Plaintiff, has suffered severe injuries and damages, including medical and other necessary expenses, mental and physical pain and suffering, personal inconvenience, plus an inability to lead a normal life.  As a

Copy from re:SearchGA

result of the subject collision, Plaintiff has incurred in excess of $21,510.49 in past medical expenses and lost wages, in an amount to be proven at trial.

## COUNT IV

## LIABILITY OF STEVENS TRANSPORT, INC

### 29.

Plaintiff adopts and incorporates by reference paragraphs 1 through 28 of Plaintiff's Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count IV of Plaintiff's Complaint for Damages.

### 30.

Upon reliable information and reasonable belief, Defendant Stevens Transport, Inc is self-insured and issued a policy of liability insurance that provides coverage to Defendants Stevens Transport, Inc. and James Gallo that will apply to the claims set forth by the Plaintiff herein. Defendant Stevens Transport, Inc is subject to direct action in this lawsuit under O.C.G.A. §§ 40-1-112 and 40-2-140.

## COUNT V

## PUNITIVE DAMAGES AGAINST DEFENDANTS

### 31.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 30 above as if they were fully restated herein verbatim.

### 32.

The actions of the Defendants showed a willful, wanton and/or reckless disregard for the rights of others and Plaintiff is entitled to recover punitive damages, in addition to all legal and equitable damages as a result of Defendants' conduct.

Copy from re:SearchGA

## COUNT VI

## <u>ATTORNEY'S FEES</u>

### 33.

Plaintiff adopts and incorporates by reference paragraphs 1 through 32 of Plaintiff's Complaint for Damages as if said paragraphs are set forth fully herein with respect to Count V of Plaintiff's Complaint for Damages.

### 34.

There is no bona fide dispute as to the liability of the Defendants for this collision, and Defendants have caused Plaintiff unnecessary trouble and expense by forcing her to file this lawsuit to recover her losses and damages. Accordingly, Plaintiff is authorized to recover from Defendants her expenses of litigation, including reasonable attorney's fees, under O.C.G.A. § 33-6-11.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that the Court grant her the following relief:

(a)     that service of a copy of the Summons and Complaint be perfected upon all Defendants;

(b)     that Plaintiff recover all special damages, including medical expenses not less than $21,510.49, to be further proven at trial;

(c)     the recovery of damages for physical and mental pain and suffering, loss of enjoyment of life, emotional distress in an amount to be determined at trial;

(d)     an award of punitive damages in an amount sufficient to punish and deter the

Copy from re:SearchGA

Defendants from similar conduct in the future;

(e)    an award of reasonable attorney's fees and the cost of litigation and any

statutory penalties allowed by law;

(f)    that all issues be tried at trial;

(g)    that Plaintiff be granted a **trial by jury;** and

(h)    any and all further relief that the Court may deem just and proper.


This 20th day of September, 2021.

                                        **LAW OFFICE OF DWAYNE L. BROWN, PC**

                                        **By: /s/ Dwayne L. Brown**
                                        **DWAYNE L. BROWN**
                                        **Georgia Bar No. 361427**
                                        **Attorney for Plaintiff**


Of Counsel:
Law Office of Dwayne L. Brown, P.C.
3390 Peachtree Road, Suite 1100
Atlanta, GA 30326
(678) 505-0559
Fax: (678) 623-8900
Email: dbrown@dbrownatty.com

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
9/20/2021 1:07 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**                                          DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**          CIVIL ACTION FILE #: _____
Civil Division

Jalen J. Bass c/o Law office of Dwayne L. Brown
_____
3390 Peachtree Road, Suite 1100
_____
Atlanta, Georgia 30326
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Stevens Transport, Inc., James Gallo,
_____
ABC Corporation #1-5 and John Doe
_____

_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:    Stevens Transport, Inc c/o registered agent, Steven L. Aaron
                                 9757 Military Parkway, Dallas, Dallas County, Texas 75227

   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Dwayne L. Brown, Esq.
      _____

Address: 3390 Peachtree Road, Suite 1100
         _____

City, State, Zip Code: Atlanta, Georgia 30326    Phone No.: (678) 505-0559
                       _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

                                        Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
 Served, this _____ day of _____, 20_____.    _____
                                                               DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
10/7/2021 10:53 AM
Christopher G. Scott, Clerk
Civil Division

# AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Fulton**          **State Court**

File No: 21EV005602

**JALEN J. BASS**
**C/O LAW OFFICE OF DWAYNE L. BROWN**
**Plaintiff**

vs.

**STEVENS TRANSPORT, INC., JAMES GALLO,**
**ABC CORPORATION #1-5 and JOHN DOE**
**Defendants**

Received by **DANA GEHLBACH HICKS,** on the **30th of September 2021, at 3:00 PM** to be served on **JAMES GALLO**

I, DANA GEHLBACH HICKS, being duly sworn, depose and say that on the **5th of October 2021, at 5:05 PM**, executed service by delivering a true copy of the, **Summons, Order Regarding Plaintiff's Motion For Appointment of Special Process Server, Complaint For Damages, Plaintiff's First Interrogatories and Requests For Production of Documents To Defendant James Gallo, Plaintiff's First Request For Admissions To James Gallo**

In accordance with the state statutes, by **SUBSTITUTE SERVICE: To KELLY SHEA as WIFE** at the address of **2211 Hutchinson Ave., Leesburg, FL 34748** the within named person's usual place of abode, who resides therein, who is (15) years of age or older and informed said person of the content.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

SWORN TO and SUBSCRIBED to before me this ____ day of
_____ , 2021 by the affiant who is personally known to me.

**NOTARY PUBLIC**

KISHI FUTRAL
Commission # GG 254959
Expires September 3, 2022
Bonded Thru Budget Notary Services

Dana Gehlbach Hicks
Certified Process Server
ID #8-12-26
Appointed in accordance with state statues.

**Gehlbach Investigations**
**34633 Gennys Lane**
**Leesburg, Florida 34788**
**(352) 516-7463**

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
10/4/2021 6:30 PM
Christopher G. Scott, Clerk
Civil Division

## JUDGE EDLEIN'S STANDING ORDER IN E-FILE CASES

Having found that the interests of the parties and the orderly management of the Court's business would be served by setting a schedule for this litigation and by stating the practices and procedures of this Court,

**IT IS HEREBY ORDERED** that, unless specifically exempted, counsel for all parties confer, in person or by telephone, in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed by the Case Management Order ("CMO"). This early planning conference shall be held *no later than thirty (30) days after the appearance of a defendant by answer*. Counsel for the plaintiff(s) shall ensure that this early planning conference is timely scheduled and completed.

**IT IS FURTHER ORDERED** that, unless specifically exempted or unless the case is successfully resolved during the early planning conference, the parties are required to complete and e-file a proposed CMO for the Court's review *no later than forty-five (45) days after the appearance of a defendant by answer*. The proposed CMO shall be consolidated and e-filed by counsel for the plaintiff(s); a Microsoft Word version of the CMO may be requested from the Court's Judicial Assistant, Kimberley Davis, via email to Kimberley.Davis@fultoncountyga.gov. The consolidated CMO must be e-filed with the Court. Information about efiling and the State Court E-File Standing Order can be found at http://fultonstate.org/

If a party fails or refuses to participate in the early planning conference and/or completion of the proposed CMO, counsel for the plaintiff(s) shall so indicate when e-filing the proposed CMO. If the parties fail to reach agreement on portions of the proposed CMO, each party's proposal shall be included in the proposed CMO with a notation in **bold** that the parties failed to reach agreement on that particular portion.

Copy from re:SearchGA

A party's failure to comply with the terms of this Standing Order may result in sanctions, including but not limited to dismissal of the complaint or striking of the answer, as appropriate.

**SO ORDERED** this 1st day of December, 2020.

*Susan E. Edlein*

Susan E. Edlein
Judge, State Court of Fulton County

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
9/23/2021 2:04 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

JALEN J. BASS,                    :
                                  :
        Plaintiff,                :
                                  :          CIVIL ACTION
vs.                               :          FILE NO. <u>21EV005602</u>
                                  :
STEVENS TRANSPORT, INC, JAMES V.  :          **TRIAL BY JURY REQUESTED**
GALLO, ABC CORPORATION #1-5 and   :
JOHN DOE                          :

        Defendants.

## <u>PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT<br>OF SPECIAL PROCESS SERVER</u>

**COMES NOW**, Plaintiff, **JALEN J. BASS**, and hereby moves the court for appointment of a special process server to serve Defendant **JAMES V. GALLO**, who is a Florida resident, personally with a copy of the Summons and Complaint, Plaintiff's First Request for Production of Documents, Plaintiff's First Interrogatories and Plaintiff's First Request for Admissions to Defendant.  In support of his motion, Plaintiff shows the court the following:

1.

In accordance with O.C.G.A. § 9-11-4(c), process shall be served by the marshal of the county where the action is brought or where the defendant, a resident of Georgia, is found, or by any citizen of the United States specially appointed by the court for that purpose.

2.

Plaintiff requests and moves this court to appoint ***DANA HICKS and CHASE WESTBROOK*** of Gehlbach Investigations as special process servers who will attempt to serve the Summons and Complaint and Plaintiff's discovery requests in this case.

Page **1** of **3**

Copy from re:SearchGA

3.

In the present case, the sheriff is unable to serve the summons and complaint as the Defendant lives in the State of Florida.

4.

The appointment of a special process server in this case is to the benefit of all parties and is in the best interest of justice.

5.

***DANA HICKS and CHASE WESTBROOK*** are employed as process servers; they are citizen of the United States; are over 21 years of age; are not an interested party or party to this suit; neither are they employees of Plaintiff nor Plaintiff's counsel; they are wholly disinterested in the outcome of this litigation; are not convicted felons; and are ready, willing and able to serve the Defendant Gallo with the Summons and Complaint and Plaintiff's discovery requests.

6.

A proposed order granting plaintiff's motion for appointment of a special process server is attached hereto as Exhibit "A."

**WHEREFORE**, Plaintiff requests that the court grant this motion and appoint ***DANA HICKS and CHASE WESTBROOK*** as special process servers to serve the Summons and Complaint and Plaintiff's Discovery requests on Defendant Gallo, in this case.

This 23rd day of September, 2021.

**LAW OFFICE OF DWAYNE L. BROWN, PC**

**By: /s/ Dwayne L. Brown**
**DWAYNE L. BROWN**
**Georgia Bar No. 361427**
**Attorney for Plaintiff**

Copy from re:SearchGA

Law Office of Dwayne L. Brown, P.C.
3390 Peachtree Road, Suite 1100
Atlanta, GA 30326
(678) 505-0559
Fax: (678) 623-8900
**Email: [dbrown@dbrownatty.com](mailto:dbrown@dbrownatty.com)**

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
9/23/2021 2:04 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| JALEN J. BASS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | FILE NO. 21EV005602 |
| | : | |
| STEVENS TRANSPORT, INC, JAMES V. | : | **TRIAL BY JURY REQUESTED** |
| GALLO, ABC CORPORATION #1-5 and | : | |
| JOHN DOE | : | |
| | | |
| Defendants. | | |

## AFFIDAVIT OF SPECIAL PROCESS SERVER

**STATE OF** Florida

**COUNTY OF** Lake

     **PERSONALLY APPEARED**, before me, the undersigned officer, duly authorized to administer oaths, ***DANA HICKS and CHASE WESTBROOK***, who being first duly sworn, on oath deposes and says:

1.

     Our names are ***DANA HICKS and CHASE WESTBROOK***.   We are with Gehlbach Investigations. We are over the age of 21 and are legally competent to give this affidavit. The facts set forth herein are from our own personal knowledge.

2.

     We are citizens of the United States.

3.

     We are licensed Process servers in multiple counties in the State of Florida**.**

4.

     We are not related to the plaintiff in this case, *Jalen J. Bass*, nor are we related to plaintiff's counsel or anyone in the law firm of plaintiff's counsel.

5.

We are not employees of the plaintiff or plaintiff's counsel.

6.

We have no interest in the outcome of this litigation.

7.

We are ready, willing and able to serve the defendant with the summons and complaint in this case.


FURTHER AFFIANT SAYETH NAUGHT.


This ___23___ day of *September, 2021.*

_____
*DANA HICKS*

_____
*CHASE WESTBROOK*


Sworn to and subscribed before me

this 23 day of *September, 2021.*



_____
NOTARY PUBLIC
MY COMMISSION EXPIRES:


KISHI FUTRAL
Commission # GG 254959
Expires September 3, 2022
Bonded Thru Budget Notary Services

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
9/20/2021 1:07 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY                                    DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**          CIVIL ACTION FILE #: _____
Civil Division

Jalen J. Bass c/o Law office of Dwayne L. Brown
_____
3390 Peachtree Road, Suite 1100
_____
Atlanta, Georgia 30326
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Stevens Transport, Inc., James Gallo,
_____
ABC Corporation #1-5 and John Doe
_____

_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:  James Gallo, 2211 Hutchinson Avenue, Leesburg, Lake County, FL 34748

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Dwayne L. Brown, Esq.
_____

Address: 3390 Peachtree Road, Suite 1100
_____

City, State, Zip Code: Atlanta, Georgia 30326        Phone No.: (678) 505-0559
_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.        _____
                                                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
9/20/2021 1:07 PM
Christopher G. Scott, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of <u>Fulton</u> County

---

**For Clerk Use Only**

**Date Filed** _____          **Case Number** _____

MM-DD-YYYY

---

| **Plaintiff(s)** | | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Bass, | Jalen | J. | | | | Stevens Transport, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | Gallo, | James | V. | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | ABC Corporation #1-5 | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | Doe, | John | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Dwayne L. Brown</u>          **State Bar Number** <u>361427</u>          **Self-Represented** ☐

---

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

---

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
     Case Number                    Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
10/4/2021 6:30 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

_____,   )
                                    )
Plaintiff(s),                       )
                                    )   CIVIL ACTION FILE
v.                                  )   NO. _____EV_____D
                                    )
_____,   )
                                    )
Defendant(s).                       )

### <u>CASE MANAGEMENT ORDER</u>

Pursuant to Judge Edlein's Standing Order in E-File Cases, the parties conducted an early planning conference on _____, with the following counsel (and/or pro se parties) in attendance:[1]

| **<u>Party</u>** | **<u>Counsel (name and email address)</u>** |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Parties not in attendance: _____

The parties having conferred in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed by this Case Management Order ("CMO") and pursuant to the Supreme Court of Georgia's Orders Declaring and Extending Statewide Judicial Emergency[2],

---

[1] Please also provide those parties (with answers on file) who failed to attend the early planning conference.

1

Copy from re:SearchGA

**IT IS HEREBY ORDERED** that:

- **DISCOVERY** (including, but not limited to, written discovery, depositions, and any expert discovery) commenced on _____ pursuant to USCR 5.1 and shall close on _____ (**on or after the below** date rebuttal experts' depositions must be completed).

  **The parties are directed to work together to schedule depositions virtually, if appropriate, and any in-person discovery, such as depositions and inspections.**

  **Guideline**:  Personal Injury – 6 months; Complex Personal Injury (including Wrongful Death) – 12 months; Medical Malpractice – 12 months; Complex Medical Malpractice (including Wrongful Death) – 18 months; Contract – 6 months; Complex Contract – 12 months; Other – 6 months (12 months if Complex)

  Basis for any departure from the guideline or for "complex" designation:[3]
  _____
  _____
  _____
  _____.

- **EXPERT DISCOVERY** (if applicable):  <mark>All expert discovery must be completed by the above discovery deadline.</mark> The plaintiff(s) shall identify experts that are expected to testify at trial no later than _____.  Discovery depositions of all experts identified by the plaintiff(s) shall be completed no later than _____. The defendant(s) shall identify experts that are expected to testify at trial no later than _____.  Discovery depositions of all experts identified by the defendant(s) shall be completed no later than _____.  The parties shall disclose any rebuttal experts within 45 days of the conclusion of the deposition of the expert to be rebutted, but no later than _____, and shall make any rebuttal experts available for deposition no later than _____.

- **MEDIATION** shall be completed no later than _____ (15 days after the close of discovery).  Mediation may be conducted: (1) virtually; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual presence.

---

[2]  Supreme Court of Georgia, Court Information Regarding the Coronavirus, https://www.gasupreme.us/ (accessed November 30, 2020).
[3]  Complex cases involve large number of parties, large number of claims and defenses, highly technical and exceptionally complex issues and proof, multiple experts, greater than normal amount of documents and evidence (including electronically-stored information), problems locating and preserving documents and evidence (including electronically-stored information), and extensive discovery outside the State of Georgia.

Copy from re:SearchGA

In all cases, all parties shall appear in such a way that everyone can be heard and seen to participate in this mediation to make a good faith effort to resolve the issues involved in this case.  In the event that the named parties and counsel do not have full settlement authority, those entities who do have authority shall attend the mediation along with parties and counsel.

The parties shall contact the Office of Alternative Dispute Resolution (ADR) of the Fulton County Courts at (404) 612-4549, or select a mutually agreed upon private mediator, and arrange for mediation to take place prior to the deadline set forth above. Alternatively, the parties may request a referral to a Judicially-Hosted Settlement Conference.  Such request shall be directed to the Court's Staff Attorney no later than ninety (90) days prior to the mediation deadline set by the CMO and shall set forth the reasons for the request.

- **DISPOSITIVE** and/or **RULE 702 MOTIONS** shall be filed no later than thirty (30) days after the close of discovery.  Prior to filing any Rule 702 motion, the parties shall meet and confer in a good faith effort to resolve the evidentiary issue(s).

- **TRIAL BY JURY** shall be set by placement on the Court's Civil Jury Trial calendar approximately sixty (60) days after the close of discovery (if no motions pending) or on the next civil trial calendar after the Court's order on any dispositive and/or Rule 702 motions.  To request a special setting, the parties **shall** contact the Court's Staff Attorney, Lisa Liang, via email lisa.liang@fultoncountyga.gov and state the basis for the request no later than the close of discovery.

  **The Supreme Court of Georgia's Twelfth Order Extending Declaration of Statewide Judicial Emergency ended the blanket suspension of grand jury and jury trials. It is unknown when jury trials in Fulton County will regularly resume, particularly in civil cases such as this.  The Court encourages the parties to try to resolve this matter without the need for a trial.  If the parties agree, the Court is available to try this case as a bench trial.**

  **IT IS FURTHER ORDERED** that the following **PRACTICES** and **PROCEDURES**

govern this litigation:

- **DISCOVERY DISPUTES** – in addition to the obligations set forth by USCR 6.4(B), the parties shall meet and confer – (1) virtually or telephonically; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual or telephonic presence -- in a good faith effort to resolve any discovery disputes and, in the event the parties are unable to resolve the disputes, contact Ms. Liang to request a telephonic hearing with the Court, prior to filing any discovery motion.  The Court will schedule a telephonic or virtual hearing, if appropriate, or instruct the parties to brief the matter.

- **WITNESSES** – the parties shall supplement the identification of witnesses (except for purposes of impeachment), in response to any applicable discovery request, no later than

Copy from re:SearchGA

fifteen (15) days after the close of discovery.  Failure to do so, absent extraordinary circumstances, will result in the exclusion of the unidentified or late-identified witness.

- **COMMUNICATION WITH THE COURT** – the parties may contact Ms. Liang to inquire regarding any procedural issue (scheduling, case status, Court requirements, etc.) and/or to arrange a status conference or hearing.  Email correspondence, ensuring all parties are copied to the email, is highly preferred.  Unless instructed by the Court, the parties shall not submit letter briefs (including substantive emails addressing the merits) or "carbon copy" the Court on correspondence between the parties and addressing the merits.

- **MOTIONS AND RESPONSES** – pursuant to Uniform Superior Court Rule 6.1, when an attorney or party e-files a motion or any response, the attorney or party shall notify the opposing parties and Ms. Liang (lisa.liang@fultoncountyga.gov) by e-mail of the motion or response contemporaneously but no later than 24 hours after e-filing.

- **PROPOSED ORDERS and COURTESY COPIES** – the parties shall e-file proposed orders and any courtesy copies of proposed orders (if requested) shall be emailed to Ms. Liang in Word format.  The parties are discouraged from submitting courtesy copies of briefs to the Court, unless specifically requested.  The parties, however, may contact Ms. Liang regarding any consent/joint filings or other filings necessitating prompt action by the Court.

- **ORIGINAL DEPOSITION TRANSCRIPTS** – the parties shall e-file scanned copies in lieu of original deposition transcripts and retain original deposition transcripts until specifically requested by the Court or trial.

- **JUDICIAL EMERGENCY/COVID:** In the event the Statewide Judicial Emergency and/or the Atlanta Judicial Circuit's Judicial Emergency are extended and/or COVID-19 related issues arise – including any public health concerns and known individual health, economic, or other concerns regarding the litigants, lawyers, witnesses, or other persons who may be involved in the case – that prevent the parties from complying with this Case Management Order, the parties shall contact Ms. Liang, by email, to raise any scheduling issues or request a status conference.  The parties shall be prepared to submit a proposed Amended Case Management Order after consideration of all related issues.

**Failure to comply with this Order or to contact Ms. Liang concerning the deadlines imposed in this Order _prior_ to the expiration of the deadlines, may result in sanctions, including striking of pleadings, imposition of attorneys' fees, and exclusion of witnesses and evidence.  Except for _good_ cause shown and by Order of this Court, the deadlines set forth herein shall not be amended.**

Copy from re:SearchGA

Lawyers are reminded of their obligations of professionalism.  The Court is sensitive to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others. We shall all offer our colleagues in the practice of law concern for one another's welfare and keep our business a profession and a calling in the spirit of public service.

This _____ day of _____, 2021.


_____
Susan E. Edlein
Chief Judge, State Court of Fulton County


Submitted by:

5

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005602
9/30/2021 2:44 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

JALEN J. BASS,                              :
                                            :
        Plaintiff,                          :
                                            :        CIVIL ACTION
vs.                                         :        FILE NO. <u>21EV005602</u>
                                            :
STEVENS TRANSPORT, INC, JAMES V.            :        **TRIAL BY JURY REQUESTED**
GALLO, ABC CORPORATION #1-5 and             :
JOHN DOE                                    :

        Defendants.

## ORDER REGARDING PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff's **MOTION FOR SPECIAL APPOINTMENT OF SPECIAL PROCESS SERVER** having been read and considered, and it appearing to the court, in the court's discretion, that such appointment is authorized by law and should be made,

**IT IS HEREBY ORDERED** that *DANA HICKS and CHASE WESTBROOK* of Gehlbach Investigations, who are citizens of the United States, are appointed as special process servers in this case to serve Defendant James V. Gallo, with the Summons and Complaint, Plaintiff's Discovery Requests and a copy of this Order, and to make and file a proof of service as required by law.

**SO ORDERED** this __30th___ day of ___September_____, 2021.

_Susan E. Edlein_
_____
Susan E. Edlein
Chief Judge, Fulton County State Court

Copy from re:SearchGA

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV005602**
**9/23/2021 2:04 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| JALEN J. BASS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | FILE NO. <u>21EV005602</u> |
| | : | |
| STEVENS TRANSPORT, INC, JAMES V. | : | **TRIAL BY JURY REQUESTED** |
| GALLO, ABC CORPORATION #1-5 and | : | |
| JOHN DOE | : | |
| | | |
| Defendants. | | |

## ORDER REGARDING PLAINTIFF'S MOTION
## FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff's **MOTION FOR SPECIAL APPOINTMENT OF SPECIAL PROCESS SERVER** having been read and considered, and it appearing to the court, in the court's discretion, that such appointment is authorized by law and should be made,

**IT IS HEREBY ORDERED** that *DANA HICKS and CHASE WESTBROOK* of Gehlbach Investigations, who are citizens of the United States, are appointed as special process servers in this case to serve Defendant James V. Gallo, with the Summons and Complaint, Plaintiff's Discovery Requests and a copy of this Order, and to make and file a proof of service as required by law.

**SO ORDERED** this _____ day of _____, 2021.

_____
Honorable Judge Susan E. Edlein
Fulton County State Court

Copy from re:SearchGA